IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN D. BUTLER,** : | CIVIL ACTION NO. 1:21-CV-491 |
| Petitioner : | (Judge Conner) |
| v. : | |
| **SERGEANT BRADLEY,** *et al.,* : | |
| Respondents : | |

## MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2241 in which petitioner John D. Butler, a federal prisoner in the custody of the Bureau of Prisons ("BOP"), challenges a disciplinary sanction imposed by the BOP and the BOP's computation of good time credit under the First Step Act. We will dismiss the petition without prejudice for Butler's failure to exhaust administrative remedies.

**I.     Factual Background & Procedural History**

Butler is currently serving a sentence imposed following a conviction for bank robbery in the United States District Court for the Northern District of Georgia. See United States v. Butler, No. 1:07-CR-426 (N.D. Ga. May 13, 2009). He was previously incarcerated in the United States Penitentiary-Allenwood ("USP-Allenwood"), and is currently housed in a residential reentry facility managed by the BOP. Butler brings the instant petition to challenge a disciplinary sanction that the BOP imposed on him in 2019 and to challenge the BOP's computation of good time credit under the First Step Act. (Doc. 1). Respondents responded to the petition on May 4, 2021, arguing that the petition should be denied because Butler

did not exhaust administrative remedies prior to seeking habeas corpus relief in federal court. (Doc. 13). Butler has not filed a reply brief in support of his petition, and the deadline for doing so has expired.

## II.     Discussion

Despite the absence of a statutory exhaustion requirement, courts have consistently required petitioners to exhaust administrative remedies prior to bringing habeas claims under 28 U.S.C. § 2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). In the typical case, the failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under § 2241 is a proper basis for dismissal. See id. at 761-62. Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Id. (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*)). Petitioners have the burden to establish that they have exhausted administrative remedies before bringing their petitions under § 2241. Id.; accord Meyers v. Martinez, 427 F. App'x 125, 127 (3d Cir. 2011); Thompson v. Ricci, 326 F. App'x 116, 118 n.4 (3d Cir. 2009)).

The BOP has established a multi-tier administrative remedy system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. If an issue raised by the inmate cannot be resolved through this administrative remedy system, the BOP "will refer the inmate to

appropriate statutorily mandated procedures." Id. § 542.10(c). The system first requires an inmate to present his complaint to staff before filing a request for administrative relief, which staff shall attempt to informally resolve. See id. § 542.13(a). If informal resolution is unsuccessful, the inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date of the event or occurrence and the Warden shall provide a response within twenty calendar days. Id. §§ 542.14, 542.18. If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. Id. § 542.15(a). The Regional Director has thirty calendar days to respond. Id. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. Id. § 542.15(a). No administrative remedy appeal is considered fully exhausted until reviewed by the BOP's Central Office. Id. § 542.15(a).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). (See Doc. 13-1 at 2 ¶ 4). SENTRY provides an automated record of every instance in which a prisoner in the BOP's custody has used the BOP's administrative remedy system. (Id. at 3 ¶ 6). Respondents have attached SENTRY records pertaining to Butler's use of the administrative remedy system, which indicate that Butler used the administrative remedy system eleven times during his time in BOP custody, with the most recent occurring in 2016. (See id. at 13-19). Respondents have also attached a declaration from Megan G. Marlow, an attorney advisor at USP-Allenwood, who states that Butler has not attempted to

administratively exhaust the subject matter of his petition through any level of the administrative remedy system. (See id. at 2-3).

Nothing in the record before the court establishes that Butler exhausted administrative remedies before bringing this § 2241 habeas petition. Butler seeks habeas corpus relief based on a disciplinary sanction that the BOP imposed in 2019 and based on the BOP's computation of good time credit under the First Step Act, which was enacted in 2018. See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). The BOP's SENTRY records, however, indicate that Butler did not seek relief under the BOP's administrative remedy system at any point after 2016, well before the factual bases for either one of his habeas corpus claims arose. The declaration from Megan G. Marlow also indicates that Butler did not attempt to exhaust administrative remedies with respect to either one of his claims. Butler did not provide any information that would call this evidence into question, despite having the burden to establish exhaustion of administrative remedies. See Moscato, 98 F.3d at 761-62; Meyers, 427 F. App'x at 127. We therefore find that Butler has not established that he exhausted administrative remedies prior to filing this § 2241 habeas corpus petition.

When a petitioner has failed to exhaust administrative remedies prior to filing a § 2241 habeas corpus petition and the prison's procedural rules bar further attempts to exhaust, the claim is procedurally defaulted and cannot be heard in federal court unless the petitioner can establish cause and prejudice for the procedural default. Moscato, 98 F.3d at 762. Butler does not make any cause and prejudice argument. Accordingly, dismissal of this case is appropriate based on the

procedural default of his claims. See id. (affirming dismissal of claim where petitioner did not make any cause and prejudice argument to excuse the procedural default).

### III.   Conclusion

We will dismiss the petition for writ of habeas corpus without prejudice. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:    October 27, 2021